UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IAN STEWART, ET AL.,

        Plaintiffs,

v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, ET AL.

        Defendants.
_____/

Case No. 13-11316

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE LAURIE J. MICHELSON

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT FEDERAL NATIONAL MORTGAGE ASSOCIATION AND DEFENDANTS NATIONSTARS' MOTION TO DISMISS [14] AND GRANTING DEFENDANT FEDERAL HOUSING FINANCE AGENCY'S MOTION TO DISMISS [17] IN ITS ENTIRETY**

Before the Court are Defendants Federal National Mortgage Association (Fannie Mae), Nationstar Mortgage LLC, REMIC Pass-Through Certificates Trust 2007-B1, and Nationstar Home Equity Loan Trust 2006-B's Motion to Dismiss [14] and Defendant Federal Housing Finance Agency's (FHFA) Motion to Dismiss [17]. For the reasons that follow, Defendants' Motion to Dismiss [14] is **GRANTED** in part and **DENIED** in part and the Federal Housing Finance Agency's Motion to Dismiss [17] is **GRANTED** in its entirety.

## FACTUAL BACKGROUND

This case concerns a $299,250.00 mortgage on a property commonly known as 30092 Mayfair Drive, Farmington Hills, Michigan 48331 ("the Property").

On June 10, 2005, Plaintiffs granted a mortgage to MERS, secured by the Property. The mortgage was recorded on August 9, 2005 in Oakland County. On October 17, 2011, Plaintiffs sent Nationstar Mortgage a letter entitled "Qualified Written Request." MERS subsequently assigned the mortgage to Defendant Nationstar Mortgage on June 18, 2012; the assignment was recorded on July 12, 2012. Plaintiffs defaulted and did not cure that default. As a result, Nationstar Mortgage commenced foreclosure proceedings under MCL § 600.3201 *et seq.*

Plaintiffs' October 2011 letter requested that they be considered for a loan modification and demanded information regarding securitization and the true owner of the loan. Nationstar Mortgage responded in November 2011, sending Plaintiffs documentation regarding the origination and servicing of the loan.

On February 9, 2012 Plaintiffs faxed another letter to Nationstar Morgage. On March 12, 2012, Nationstar Mortgage responded and enclosed documentation regarding the originator, investor, and service of the loan and a detailed payment history.

Plaintiffs subsequently defaulted on the loan. Nationstar sent notice to Plaintiffs pursuant to MCL § 600.3205a (Foreclosure of Mortgages by Advertisement,

Notice to Buyer). Plaintiffs requested a meeting pursuant to MCL § 600.3205a. Nationstar sent Plaintiffs a package to complete in order to schedule a meeting. Plaintiffs never returned the package or provided the required documentation. After 60 days passed, Nationstar published a Notice of Foreclosure for four consecutive weeks in the Oakland County Legal News beginning February 28, 2013. Nationstar posted a Notice of Foreclosure on the Property on March 2, 2013.

Plaintiffs' Complaint [1] was filed on March 25, 2013. The mortgage was foreclosed and the Sheriff's sale was held on April 9, 2013. Nationstar Mortgage purchased the Property for $202,243.71. The six-month statutory redemption period expired October 9, 2013.

## LEGAL STANDARD

Defendants move to dismiss Plaintiffs' Complaint [1] under Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the complaint must contain, "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to provide fair notice to the defendant of what the claim is and the grounds upon which it rests. The Court must construe the complaint in the light most favorable to plaintiff and draw all reasonable inferences in plaintiff's favor. *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6thCir. 2012). The complaint must plead factual content that allows the court to draw a reasonable inference that the

defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ANALYSIS

### I. Defendants Fannie Mae and Nationstar's Motion to Dismiss [14]

Defendant Nationstar Mortgage is the servicer of Plaintiffs' loan and mortgagee of record. Nationstar Mortgage foreclosed the Property by advertisement.

*Count I Lack of Standing to Foreclose and Count II Quiet Title*

Defendants argue that Count I and Count II should be dismissed because Michigan does not recognize claims for securitization and Nationstar Mortgage had standing to foreclose Plaintiff's loan because it was the mortgagee of record. Defendants also argue that Plaintiffs cannot state a claim for quiet title because they are barred due to their own unclean hands.

In their Response [24], Plaintiffs' argue that Michigan does recognize a claim for improper securitization and as a result of the failed securitization in this case, Defendants did not have standing to foreclose on the Property.

Securitization-based challenges to foreclosure have been consistently rejected by the Courts. *See e.g. Smith v. Litton Loan Servicing, L.P.*, No. 12-1684, 2013 WL 888452 (6th Cir. March 13, 2013); *Stafford v. MERS*, No. 12-10987, 2012 WL 1564701 at *4 (E.D. Mich. May 2, 2012) (Cohn, J.) ("To the extent that plaintiff is

attempting to assert a claim based upon the alleged securitization of the loan, such a claim fails.").

Additionally, there is no legal support for Plaintiffs' argument that the note holder must be the foreclosing party under Michigan law. *See Residential Funding v. Saurman*, 805 N.W.2d 183 (Mich. 2011). Under Michigan law, a party may foreclose if it is the owner of the indebtedness, an owner of interest in the indebtedness (including the mortgagee of record), or the servicer of the mortgage. MCL § 600.3204(1)(d).

In order to prevail on a quiet title claim, Plaintiffs must prove their title is superior to the title claims of all other persons with an interest in the property. *Beulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet Cnty. Rd. Comm'r*, 600 N.W.2d 698, 700 (Mich Ct. App. 1999). The documentary evidence in this case refutes any assertion that Plaintiffs have a superior claim to title of the Property over Defendants.

Consequently, Defendants' Motion to Dismiss [14] is **GRANTED** as to Counts I and II.

*Count III Breach of Covenant of Good Faith and Fair Dealing*

Defendants argue that Count III should be dismissed because Michigan does not recognize claims for the breach of a covenant of good faith and fair dealing. Plaintiff attempts to argue that Michigan recognizes this covenant when the contract leaves the

manner of performance to a party's discretion citing *Bero Motors, Inc. v. General Motors Corp.*, No. 257675 (Mich. Ct. App. 2006) 2006 WL 2312182. In fact, Michigan does not recognize a common law cause of action for breach of the implied covenant of good faith and fair dealing. *Fondale v. Waste Management of Michigan, Inc.*, 718 N.W.2d 827, 841 (Mich. Ct. App. 2006). *Bero Motors* is not on-point in this case because Plaintiffs had no discretion to not repay their loan as part of performance of the contract. Consequently, Defendants' Motion to Dismiss [14] is **GRANTED** as to Count III.

*Violations of RESPA: Count IV § 2605(e) and Count VIII § 2605(e)*

Defendants argue that Count IV and Count VIII Plaintiffs cannot state a claim under the Real Estate Settlement Procedures Act (RESPA). Defendants argue that the correspondence Plaintiffs sent does not constitute a qualified written request under RESPA, additionally Nationstar properly responded, and Plaintiffs failed to allege damages resulting from any violation of RESPA. Plaintiffs dispute each of these three assertions.

Plaintiff's letter constituted a qualified written request under RESPA. The statute states:

> **(B)** Qualified written request
> For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that--
> **(i)** includes, or otherwise enables the servicer to identify, the name and

> account of the borrower; and
> **(ii)** includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C.A. § 2605(e)(1)(B). Plaintiffs' letter included the statutorily required information to constitute a Qualified Written Request.

Plaintiffs claim that Nationstar violated RESPA because Nationstar reported to consumer reporting agencies that Plaintiffs were overdue on mortgage payments after Plaintiffs had sent qualified written requests to Nationstar. Title 12 U.S.C. § 2605(e)(3) states:

> (3) Protection of credit rating
>
> During the 60-day period beginning on the date of the servicer's receipt from any borrower of a qualified written request relating to a dispute regarding the borrower's payments, a servicer may not provide information regarding any overdue payment, owed by such borrower and relating to such period or qualified written request, to any consumer reporting agency

Plaintiffs have pleaded sufficient facts to allege Nationstar violated 12 U.S.C. § 2605(e)(3). Therefore, Defendants' Motion to Dismiss [14] is **DENIED** as to Count IV.

Plaintiffs allege that in response to their qualified written request, Defendants only sent copies of the mortgage, note, and an incomplete loan transaction history and failed to address the material concerns of their qualified written request. Title 12 U.S.C.A. § 2605(e)(2) states:

(2) Action with respect to inquiry

Not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request under paragraph (1) and, if applicable, before taking any action with respect to the inquiry of the borrower, the servicer shall--

(A) make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction (which shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower);

(B) after conducting an investigation, provide the borrower with a written explanation or clarification that includes--

(i) to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer; and
(ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower; or

(C) after conducting an investigation, provide the borrower with a written explanation or clarification that includes-

(i) information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and
(ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower.

Plaintiffs have pleaded sufficient facts to allege Nationstar violated 12 U.S.C. § 2605(e)(2). Therefore, Defendants' Motion to Dismiss [14] is **DENIED** as to Count VIII.

*Count V Violation of the Freedom of Information Act (FOIA)*

In Counts V of their Complaint [1], Plaintiffs state a claim under FOIA against Fannie Mae. Defendants argue that Count V should be dismissed because Fannie Mae is not an agency subject to the FOIA. In their Response [24], Plaintiffs' argue that Defendant Fannie Mae under conservatorship by the Federal Housing Finance Authority is subject to the FOIA.

Fannie Mae is not subject to the FOIA. *Judicial Watch, Inc. v. Fed. Housing Fin. Agency*, 646 F.3d 924, 926 (D.C. Cir. 2011); *see also Herron v. Fannie Mae*, 857 F.Supp.2d 87, 95 (D.D.C. 2012) ("Fannie Mae was not converted into a government entity when it was placed into conservatorship; instead, FHFA stepped into the shoes of Fannie Mae. FHFA as conservator for Fannie Mae is not a government actor."). Therefore, Defendants' Motion to Dismiss [14] is **GRANTED** as to Count V.

*Violations of TILA: Count VI § 1641(f)(2) and Count VII § 1641(g)*

In Counts VI and VII of their Complaint [1], Plaintiffs state claims under TILA against Fannie Mae. Defendants argue that Counts VI and VII are too vague and must be dismissed.

Title 15 U.S.C. § 1641(f)(2) states:

> (2) Servicer not treated as owner on basis of assignment for administrative convenience
>
> A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as the owner of the obligation for purposes

of this section on the basis of an assignment of the obligation from the creditor or another assignee to the servicer solely for the administrative convenience of the servicer in servicing the obligation. Upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation.

Plaintiff has asserted that Defendants ignored their written requests regarding the owner of their debt. Therefore, Plaintiff has pleaded sufficient facts to survive a motion to dismiss that Count VI.

Title 15 U.S.C. § 1641(g) states:

> (g) Notice of new creditor
> (1) In general
> In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including--
> (A) the identity, address, telephone number of the new creditor;
> (B) the date of transfer;
> (C) how to reach an agent or party having authority to act on behalf of the new creditor;
> (D) the location of the place where transfer of ownership of the debt is recorded; and
> (E) any other relevant information regarding the new creditor.
> (2) Definition
>
> As used in this subsection, the term "mortgage loan" means any consumer credit transaction that is secured by the principal dwelling of a consumer.

Discovering the exact location of a securitized mortgage is an expensive and arduous task that Plaintiffs could not reasonably complete before filing a complaint. If need

be, once Plaintiffs have the necessary information after discovery, they can amend the Complaint [1] to successfully plead TILA violations. Plaintiffs have pleaded sufficient facts for their TILA claims survive Defendants' Motion to Dismiss [14]. Therefore, Defendants' Motion to Dismiss [14] is **DENIED** as to Counts VI and VII.

## II. Defendant Federal Housing Finance Agency's Motion to Dismiss [17]

Defendant Federal Housing Finance Agency (FHFA) moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Counts III and V.

*Count III Breach of Covenant of Good Faith and Fair Dealing*

Michigan does not recognize a common law cause of action for breach of the implied covenant of good faith and fair dealing. *See supra, Fondale v. Waste Management of Michigan, Inc.*, 271 Mich. App. 11, 35 (Mich. Ct. App. 2006). Consequently, FHFA's Motion to Dismiss [17] is **GRANTED** as to Count III.

*Count V Violation of FOIA*

FHFA argues that Plaintiffs' FOIA claim against them must be dismissed because Plaintiffs have failed to exhaust their administrative remedies. Plaintiffs do not allege any specific facts to support their allegation that they exhausted their administrative remedies. Consequently, FHFA's Motion to Dismiss [17] is **GRANTED** as to Count V.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss [14] is **GRANTED** as to Counts I–III, and V.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss [14] is **DENIED** as to Counts IV, VI, VII, and VIII.

**IT IS FURTHER ORDERED** that Defendant Federal Housing Finance Agency's Motion to Dismiss [17] is **GRANTED** in its entirety.

**IT IS FURTHER ORDERED** that Defendant Federal Housing Finance Agency is **DISMISSED** from this case.

**SO ORDERED**.

    s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: March 25, 2014    Senior United States District Judge